[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON APPLICATION OF STATE ETHICS COMMISSION TO FILE AMICUS CURIAE BRIEF
On January 10, 11, and 12, 2001 this court heard evidence in the trial of the above action, in which George C. Finley and Finley Associates, Inc. ("Finley"), seek to enforce a Settlement Agreement between itself CT Page 1689 and Crossroads Investment Co., L.P. ("Crossroads"). Prior to the commencement of the trial the State Ethics Commission (the "Commissions'), not a party to this action, filed an Application for Permission to Appear and File a Brief Amicus Curiae.
There is no statute or Practice Book provision which allows a non-party to file an amicus curiae brief at the trial court level. Practice Book § 67-7 allows a non-party to seek permission to file such a brief at the appellate level. Appellate Court decisions have precedential value which may affect those other than the litigants. A trial court decision has no precedential value and affects only the parties to the action in which the decision is filed. Therefore, other than possibly providing an aid to the court, there is generally no need to allow an amicus brief to be filed in the trial court.
In this case there is a danger that the brief of the Commission will be prejudicial to Finley. While this case was pending, Crossroads cooperated with the Commission to arrive at a Stipulated Order dated November 30, 2000 under the terms of which Crossroads agreed to pay the amount allegedly due to Finley under the Settlement Agreement at issue here as a fine to the State of Connecticut "less any amounts for which [Crossroads] may be found liable to [Finley]." This Stipulated Order, arrived at without any input from Finley, apparently pertains to an ultimate issue in this case: did the Settlement Agreement violate any State Ethics statutes?
Having issued an Order on an ultimate issue in this case, there is a danger that the Commission's brief will not be limited to an argument on the Ethics law, but will also pertain to the Stipulated Order, which was entered based solely on evidence provided by one party in this case, Crossroads. The Potential prejudicial effect of the foregoing on Finley is obvious.
Crossroads claims that it will be prejudiced if the Commission is not permitted to file an amicus brief. It argues that the court may find that it is obligated to pay Finley under the Settlement Agreement. In light of its obligation to pay the State under the Stipulated Order, Crossroads claims that such a finding will place it in an untenable position. That argument is unconvincing. Under the terms of the Stipulated Order Crossroads will not be obligated to pay the State any amounts which the court orders it to pay to Finley.
Although this case was pending at the time Crossroads entered into the Stipulated Order with the Commission, Crossroads never asked the Commission to stay proceedings against it pending the court's decision in this case. If Crossroads were truly concerned about the possibility of CT Page 1690 inconsistent rulings by this court and the Ethics Commission, it could have declined to enter into the Stipulated Order on November 30, 2000 on the basis that the trial of this action was then scheduled for January 10, 2001. It did not do so. To the extent Crossroads now finds itself in an untenable position, it is a position largely of its own making.
For the foregoing reasons the Application of the Ethics Commission for permission to file a brief as amicus curiae is denied.
By the court
Aurigemma, J.